O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#25/ js-6

CIVIL MINUTES - GENERAL

| Case No. | CV 09-6104 PSG (FMOx) | Date | December 3, 2009 |
|---|---|---|---|
| Title | John T. Martin *et al.* v. Spring Break '83 Productions, LLC *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order Granting Defendants' Motion to Transfer Venue**

Pending before the Court is Defendants' Motion to Transfer Venue. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS Defendants' motion.

I.  Background

From October 11, 2007 to November 27, 2007, John T. Martin ("Martin"), Jonathon R. Martin, Bradley Keyes, and Marty Boger (collectively, "Plaintiffs") worked on the production of the full-length feature film "Spring Break '83." Plaintiffs were hired in Louisiana by Spring Break '83 Louisiana LLC to perform work on the film in Louisiana. *See Hermansen Decl.* ¶¶ 5, 7.[1] Plaintiffs signed Declarations of Residency upon their hire in Louisiana, *see id.* at ¶ 9, provided Louisiana drivers licenses to prove their residency, *see id.*, and worked under a Collective Bargaining Agreement that was executed and signed in Louisiana, *see id.* ¶ 10. The Collective Bargaining Agreement states that "[t]he Employer is engaged in the production of a motion picture . . . in the State(s) of Louisiana." *Id.*, Ex. C.

On June 16, 2009, Plaintiffs filed this action in California state court for unpaid overtime wages against Spring Break '83 Productions, LLC, Spring Break '83 Distribution, LLC, Sky Motion Pictures, LLC, Spring Break '83 Louisiana LLC, George Bours, John Hermansen, Mars

---

[1] Martin provides an incomplete declaration in support of Plaintiffs' opposition to the motion, which fails to include paragraphs 4 to 11. *See Martin Decl.* Therefore, any statements in the opposition that rely on these paragraphs will not be considered by this Court.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#25/ js-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6104 PSG (FMOx) | Date | December 3, 2009 |
|---|---|---|---|
| Title | John T. Martin *et al.* v. Spring Break '83 Productions, LLC *et al.* | | |

Callahan, and Rany Chortkoff (collectively, "Defendants"). Plaintiffs filed a First Amended Complaint ("FAC") on July 14, 2009, and Defendants timely removed the action to this Court on August 20, 2009. On October 14, 2009, Defendants filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a).

II.     Legal Standard

Under 28 U.S.C. § 1404(a), a district court has the discretion to transfer a civil action to any other district in which the action might have been filed "[f]or the convenience of parties, witnesses and in the interest of justice." As the Ninth Circuit explained in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000), the court should weigh multiple factors in addition to the convenience of witnesses and the interests of justice, including the following factors derived from the *forum non conveniens* context:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498-99. In addition to these eight factors, the Ninth Circuit also considers the presence of a forum selection clause and the relevant public policy of the forum state as significant factors. *See id.* at 499. Other courts also consider the relative congestion of the transferor and transferee court dockets. *See, e.g.*, *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995).

The burden is on the moving party to show that transfer is appropriate. *See Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 279 (9th Cir. 1979); *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1155 (S.D. Cal. 2005). However, the district court has broad discretion in deciding a motion to transfer venue because the analysis involved is "flexible and individualized." *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988); *see also Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S. Ct. 544, 99 L. Ed. 789 (1955) (noting that Congress intended that district courts have discretion to transfer upon a lesser showing of inconvenience than that required for *forum non conveniens*). Despite this wide latitude, a defendant must make a strong showing of inconvenience to warrant upsetting the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

**#25/ js-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6104 PSG (FMOx) | Date | December 3, 2009 |
|---|---|---|---|
| Title | John T. Martin *et al.* v. Spring Break '83 Productions, LLC *et al.* | | |

plaintiff's choice of forum. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

III.  Discussion

On October 14, 2009, Defendants filed a motion to transfer venue to the Eastern District of Louisiana under 28 U.S.C. § 1404(a). Defendants argue that the case should be transferred because the claim might have been filed in the Eastern District of Louisiana, the relevant agreements were negotiated and executed in Louisiana, the dispute will be governed by Louisiana law, a majority of the witnesses reside in Louisiana, and the significant sources of evidence are located in Louisiana.

    A.  Propriety of Venue in the Eastern District of Louisiana

The Court begins its analysis by first determining whether this action "might have been brought" in the proposed transferee court, the Eastern District of Louisiana. *See* 28 U.S.C. § 1404(a); *see also Hoffman v. Blaski*, 363 U.S. 335, 343-44, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960); *Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 414 (9th Cir. 1985). The transferee court must have had personal jurisdiction over defendants, subject matter jurisdiction over the claim, and proper venue had the claim originally been brought in that court. *See Hoffman,* 363 U.S. at 343-44. For the reasons that follow, Defendants have established that the action might have been brought in the Eastern District of Louisiana.

        1.  Subject Matter Jurisdiction

The Eastern District of Louisiana would have had subject matter jurisdiction over Plaintiffs' claims based upon the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216. *See* 28 U.S.C. § 1331.

        2.  Venue

The Eastern District of Louisiana would have been a proper venue for this action. Venue is proper if "a substantial part of the events . . . giving rise to the claim" occurred in that district. *See* 28 U.S.C. § 1391(b). Defendants provide evidence that all the Plaintiffs were hired in

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#25/ js-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6104 PSG (FMOx) | Date | December 3, 2009 |
|---|---|---|---|
| Title | John T. Martin *et al.* v. Spring Break '83 Productions, LLC *et al.* | | |

Louisiana,[2] *see Hermansen Decl.* ¶ 5, that they were all employed by Spring Break '83 Louisiana LLC, *see id.* ¶ 6, that no work occurred in California, *see id.* ¶ 7, that each Plaintiff signed a Declaration of Residency in Louisiana, *see id.* ¶ 9, that they provided Louisiana drivers licenses to support their declarations, *see id.*, and that the terms of their employment were governed by a collective bargaining agreement that was signed and executed in Louisiana, *see id.* ¶ 10.

Furthermore, it is undisputed that the film was shot in Hammond, Louisiana, *see id.* ¶ 6, and the Court takes judicial notice that the city of Hammond is located in the Eastern District of Louisiana. Therefore, Defendants have established that venue would have been proper in the transferee court because a substantial part of the pertinent events occurred in Louisiana.

      3.      <u>Personal Jurisdiction</u>

A federal court in Louisiana would have had personal jurisdiction over Defendants. Although Martin alleges that he performed some initial preparatory work in California, *see Martin Decl.* ¶ 3,[3] he does not allege that Defendants failed to compensate him for this work[4] and he does not claim that the other plaintiffs performed any work in California. Plaintiffs' claims involve events that occurred in the state of Louisiana, *see Hermansen Decl.* ¶¶ 5-10, and Plaintiffs seek to hold Defendants accountable for failing to compensate them. A Louisiana court would have had personal jurisdiction over Defendants because they produced a film in the state and allegedly failed to compensate employees who worked in the state. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945). Therefore, a court in Louisiana

---

[2] Although Martin claims that he was hired in California and performed "initial 'prep' work on the equipment" in California, *Martin Decl.* ¶¶ 2-3, he does not claim that the other Plaintiffs were also hired in California or performed any work in the state.

[3] Plaintiffs also claim that Martin returned to California at the end of the show and performed work, *see Opp.* 5:24-26 (citing *Martin Decl.* ¶ 8), but Plaintiffs cite to a paragraph that was not included in the declaration.

[4] Plaintiffs claim that Martin was not paid for work performed in California after the end of the show, *see Opp.* 5:26-27 (citing *Martin Decl.* ¶ 9), but again cite to a paragraph that was not provided in the declaration. Furthermore, Plaintiffs do not allege that the other plaintiffs in this case performed any work in the state of California for which they were not paid.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**O**

**#25/ js-6**

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-6104 PSG (FMOx) | Date | December 3, 2009 |
|---|---|---|---|
| Title | John T. Martin *et al.* v. Spring Break '83 Productions, LLC *et al.* | | |

would have had personal jurisdiction over Defendants. For these reasons, Plaintiffs' action might have been filed in the Eastern District of Louisiana.

  B. <u>An Individualized Determination of Convenience and Fairness</u>

As the action "might have been brought" in the proposed transferee court, the Court must make an "individualized, case-by-case determination of convenience and fairness," accounting for the *Jones* factors. *See Jones,* 211 F.3d at 498.

    1. <u>Convenience of Witnesses</u>

The Court first considers the convenience of the witnesses, which courts often recognize as the most important factor in ruling on a motion to transfer under 28 U.S.C. § 1404(a). *See State Street Capital Corp. v. Dente,* 855 F. Supp. 192, 197 (S.D. Tex. 1994). The court must not only consider the number and location of witnesses on each side, but also the importance of the witnesses to the case. *See id.* at 198; *see also Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1335-36 (9th Cir. 1984) (analyzing this factor in the *forum non conveniens* context). Thus, the Court must engage in a quantitative and qualitative analysis to determine whether the forum is convenient for the witnesses. When a transfer is based on "the convenience of witnesses," courts usually require the party seeking transfer to designate: (1) the key witnesses to be called, (2) the location of the witnesses, (3) the nature of their testimony, and (4) the relevance or necessity of their testimony. *See Bomanite Corp. v. Newlook Int'l Inc.*, No. 07-1674, 2008 WL 1767037, *8 (E.D. Cal. 2008); s*ee also Grubs v. Consol. Freightways, Inc.*, 189 F. Supp. 404, 409 (D.C. Mont. 1960).

In their motion, Defendants allege that Plaintiffs reside in Louisiana. *See Mot*. 8:20-21. While Defendants do not identify additional witnesses, their testimony, and their importance to the case in sufficient detail, they note that "a large majority of the witnesses needed in this case . . . reside in Louisiana." *See Mot*. 9:9-11. This general statement does not provide the Court with evidence that specific witnesses would be inconvenienced if the case is transferred. Plaintiffs assert that at least one key witness, Martin, would be greatly inconvenienced if he were required to travel to Louisiana. *See Martin Decl*. ¶ 12. However, Plaintiffs do not provide any evidence that the remaining plaintiffs are not currently residents of the state of Louisiana, and Defendants testify that each Plaintiff signed a Declaration of Residency in Louisiana and provided proof of a Louisiana drivers license. *See Hermansen Decl*. ¶ 9. Furthermore, the Court finds it difficult to believe that Martin was able to travel to Louisiana for work but would be

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#25/ js-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6104 PSG (FMOx) | Date | December 3, 2009 |
|---|---|---|---|
| Title | John T. Martin *et al.* v. Spring Break '83 Productions, LLC *et al.* | | |

unable to travel to Louisiana to litigate his claims. Nevertheless, this factor weighs slightly in favor of transfer.

        2.      <u>The Location Where the Relevant Agreements Were Negotiated and Executed</u>

Martin claims that he was hired in California, but fails to allege where the remaining Plaintiffs were hired. *See Martin Decl.* ¶ 2. Defendants contend that all Plaintiffs were hired in Louisiana by Spring Break '83 Louisiana LLC. *See Hermansen Decl.* ¶ 5. Furthermore, Plaintiffs signed Declarations of Residency in the state of Louisiana and apparently had Louisiana drivers licenses. *See id.* ¶ 9. Furthermore, the Collective Bargaining Agreement that governed the terms of Plaintiffs' employment was negotiated and executed in Louisiana. *See id.* ¶ 10, Ex. C. Therefore, this factor weighs in favor of transfer.

        3.      <u>The State That Is Most Familiar with the Governing Law</u>

In determining whether to transfer a case, the Ninth Circuit has directed courts to consider the state that is most familiar with the governing law. *See Jones*, 211 F.3d at 498. Plaintiffs allege two causes of action that arise under federal law, and five causes of action that arise under California statutory or common law. Defendants argue that Louisiana law will govern any employment dispute between the parties. *See Mot.* 7:2-3. Defendants contend that since none of the Plaintiffs' employment activities occurred in California and all of Plaintiffs' allegations involve activities that took place in Louisiana, California law will not govern this case. *See Hermansen Decl.* ¶ 7.

This Court and a court in the Eastern District of Louisiana are equally capable of resolving causes of action asserted under federal law. And, while this Court may have more experience and knowledge in dealing with California law, the Court finds no reason to question the ability of the Eastern District of Louisiana to correctly apply the law of foreign jurisdictions. This presumption would also apply if it were determined that Louisiana law governs Plaintiffs' claims.

Additionally, some courts consider the court's familiarity with the facts and history of the case in evaluating this factor. *See, e.g.*, *DIRECT TV, Inc. V. EQ Stuff, Inc.*, 207 F. Supp. 2d 1077, 1083 (C.D. Cal. 2002) (denying a motion to transfer because "[t]his Court has already invested time and resources with this case, having issued both a Temporary Restraining Order and a Preliminary Injunction after extensive briefing on the merits"). However, this Court has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

#25/ js-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6104 PSG (FMOx) | Date | December 3, 2009 |
|---|---|---|---|
| Title | John T. Martin *et al.* v. Spring Break '83 Productions, LLC *et al.* | | |

no familiarity with the facts of this case beyond the allegations of the complaint and the motion. Therefore, since there is no evidence that either district court would be unable to fairly and efficiently apply the appropriate law, this factor does not favor either party.

    4.    <u>Plaintiffs' Choice of Forum</u>

Ordinarily, "great weight" is accorded to plaintiff's choice of forum. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). However, in determining the amount of deference to be given to the plaintiff's choice of forum, a court must consider the extent of both the plaintiff's and the defendant's contacts with the forum, including those relating to the plaintiff's cause of action. *See id.* ("If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration." (citation omitted)).

    a.    <u>The Parties' Contacts with the Forum</u>

Defendants contend that they do not have significant contacts with the forum state. *See Hermansen Decl.* ¶ 4. Instead, they maintain that Spring Break '83 Louisiana, LLC is a Louisiana limited liability company that was formed for the purpose of shooting a motion picture in Louisiana. *See id.* While Plaintiffs allege that Defendants conduct business in California, *see Compl.* ¶ 10, the record fails to specify whether individual Defendants George Bours, John Hermansen, Mars Callahan, and Randy Chortkoff have any personal contacts with California. As for Plaintiffs' contacts with California, Defendants suggest that Plaintiffs "may still be residents of Louisiana, since they were residents during their employment," as evidenced by their Declarations of Residency. *See Mot.* 9:6; *see also Hermansen Decl.* ¶ 9. Furthermore, Martin's claim that he is a resident of California does not indicate that any of the other Plaintiffs have any contacts with California. The absence of minimum contacts between the parties and the forum state favors transfer.

    b.    <u>The Contacts Relating to Plaintiffs' Causes of Action</u>

Defendants contend that Plaintiffs' causes of action have no relation to California. *See Mot.* 8:20. According to Defendants, Plaintiffs were Louisiana residents who were hired in Louisiana, engaged in employment activities in Louisiana, and were represented in Louisiana by a union which negotiated their collective bargaining agreement. *See Hermansen Decl.* ¶¶ 7, 10. Furthermore, the Collective Bargaining Agreement states that "the [Defendants are] engaged in

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#25/ js-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6104 PSG (FMOx) | Date | December 3, 2009 |
|---|---|---|---|
| Title | John T. Martin *et al.* v. Spring Break '83 Productions, LLC *et al.* | | |

the production of a motion picture currently entitled <u>SPRING BREAK '83</u> in the State(s) of Louisiana." *Id.*, Ex. C.

In contrast, Plaintiffs maintain that there is a nexus between Plaintiffs' causes of action and California by alleging that Martin was hired in California and performed initial "prep" work in the state. *See Martin Decl.* ¶¶ 2-3. For the same reasons discussed previously, Martin does not claim in the declaration that he was not paid for this work or that the other Plaintiffs ever worked in California. Furthermore, Defendants have provided evidence that Plaintiffs have significant ties to Louisiana. Therefore, this factor favors transfer.

### 5. The Differences in the Costs of Litigation in the Two Forums

The Court finds that litigation of this case in California will significantly increase litigation costs. Defendants argue that a large majority of the witnesses needed in this case, including the Plaintiffs, reside in Louisiana. *See Mot.* 9:9-11. Although Defendants fail to specify the quality and quantity of the witnesses that will be needed to testify in this matter, based on the facts of this case, it is reasonable to conclude that the necessary witnesses will be located Louisiana. Plaintiffs signed Declarations of Residency in Louisiana, had drivers licenses in Louisiana, and were represented by a union in Louisiana. Furthermore, the relevant documents are likely located in Louisiana, including pay stubs and time sheets, that reflect the work performed by Plaintiffs. *See Hermansen Decl.* ¶ 8. In a case such as this, employment records are likely to be significant sources of evidence.

In their opposition, Plaintiffs only claim that, upon transfer of this case, one plaintiff, Martin, would be required to travel to litigate his claims. *See Martin Decl.* ¶ 12, Ex. A. However, as discussed previously, Martin was able to travel to Louisiana previously, and the Court has insufficient evidence to conclude that he would be unable to travel to the state again. Therefore, this factor favors transfer.

### 6. The Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses

Courts also consider "the availability of compulsory process to compel attendance of unwilling non-party witnesses." *Jones,* 211 F.3d at 498-99. Defendants assert that many of the potential witnesses in this action live in or around Louisiana. *See Mot.* 9:9-11. As discussed previously, Defendants fail to identify their proposed witnesses. Additionally, Defendants fail to indicate that any of their non-party witnesses would refuse to cooperate if the case were litigated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

**#25/ js-6**

CIVIL MINUTES - GENERAL

| Case No. | CV 09-6104 PSG (FMOx) | Date | December 3, 2009 |
|---|---|---|---|
| Title | John T. Martin *et al.* v. Spring Break '83 Productions, LLC *et al.* | | |

in this Court. If any of these non-party witnesses are unwilling to testify in California, the Court would have to rely on its subpoena power. However, with rare exception, the Court's subpoena power only extends outside of this district if the place of service is "within 100 miles of the place specified for the deposition, hearing, trial, production or inspection." Fed. R. Civ. P. 45(b)(2). Thus, if the action remains in California, there is a possibility that certain material non-party witnesses may be outside the Court's subpoena power. Because transfer would likely bring more material non-party witnesses within a court's subpoena power, this factor favors transfer.

### 7. The Ease of Access to Sources of Proof

The last factor articulated by the Ninth Circuit in *Jones* is the ease of access to sources of proof. As noted above, Defendants indicate that most material witnesses and documents are located in Louisiana. It is likely that transfer to Louisiana would make it easier for the parties to gather the relevant evidence relating to the Louisiana production of the movie. Thus, this factor favors transfer.

### 8. Conclusion

As discussed, the following factors weigh in favor of Defendants' motion to transfer: the location where the relevant agreements were negotiated and executed, the parties' contacts with the forum, the contacts relating to Plaintiffs' causes of action, the differences in the costs of litigation, the availability of compulsory process, and the ease of access to sources of proof. Only one factor—the state that has the most familiarity with the governing law—is neutral. On balance, these factors favor transfer of this case to the Eastern District of Louisiana.

## IV. Conclusion

Based on the foregoing, the Court GRANTS Defendants' motion to transfer, and this case is, therefore, TRANSFERRED to the United States District Court for the Eastern District of Louisiana. The Clerk shall close the file and notify the Clerk of Court in that district.

**IT IS SO ORDERED.**