UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN T. MARTIN,** *et al.* | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-7520** |
| **SPRING BREAK '83 PRODUCTIONS, LLC,** *et al.* | **SECTION "C" (4)** |
| **VERSUS** | |
| **INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES,** *et al.* | |

**ORDER AND REASONS**[1]

Before this Court is Third Party Defendants' Motion to Compel Arbitration and to Dismiss or, in the Alternative, to Stay Proceedings. (Rec. Doc. 74). Having considered the record, memoranda of counsel, and the applicable law, the Third Party Defendants' Motion is GRANTED IN PART and DENIED IN PART.

**I. Background**

Plaintiffs John T. Martin et al. submitted a grievance with their union representative, IATSE, which alleged that Defendant Spring Break '83 Productions, LLC ("Spring Break") had not paid them the wages due for their work on the production of a film in 2007. (Rec. Doc. 75 at 3). This grievance was filed in accordance with a Collective Bargaining Agreement (CBA) between IATSE and Spring Break, which set forth the terms of employment during the course of filming. (Rec. Doc.

---

[1] Gillian Gurley, a third-year law student at Tulane University, assisted in the preparation of this document.

1 at 58-74). The CBA stated "[t]he Employer hereby recognizes the Union as exclusive representative of the employees in the bargaining unit," and included a dispute resolution provision. *Id*. at 59, 65. This dispute resolution provision, contained in Article 13 of the CBA, states:

> Any dispute between the Union and the Employer concerning the interpretation and/or application of this Agreement which cannot be initially resolved by the Local Union's Business Representative and the Unit Production Manager or Producer, or thereafter by an International Representative of the I.A.T.S.E. and a designated representative of the Employer, may be submitted to arbitration by either party for resolution….

(Rec. Doc. 1 at 65). Subsequently, and without going to arbitration, IATSE and Spring Break entered into a settlement agreement wherein Spring Break agreed to provide payments to applicable employees. (Rec. Doc. 75-2 at 2-3). Spring Break alleges that settlement proceeds were distributed to former employees, including the Plaintiffs, but the latter subsequently filed suit against Spring Break, alleging violations of the Fair Labor Standards Act, the Louisiana Wage Payment Statute, and breach of contract. (Rec. Doc. 75 at 3; Rec. Doc. 47 at 8).

In order to protect its interests, Spring Break filed a third party complaint against IATSE, demanding indemnification and contribution from the union in the event that the Plaintiffs' claims against Spring Break were successful. (Rec. Doc. 47 at 9). This complaint was made on the theory that IATSE had warranted that it is the "sole and exclusive bargaining unit of the Plaintiffs" and thus is responsible for the Plaintiffs' claims that were made outside the Settlement Agreement (Rec. Doc. 47 at 8-9).

The Settlement Agreement stated:

> The Union [IATSE] represents and warrants that it is the exclusive bargaining representative of the IATSE Employees, with the full power and authority to enter into this Settlement Agreement on behalf of IATSE Employees and bind them in accordance with the terms thereof....The Union

> on its own behalf and on behalf of the IATSE Employees agrees and acknowledges that the Union has not and will not file any complaints, charges or any other proceedings against Producer [Spring Break], its successors, licenses and/or assignees, with any agency, court, administrative body, or in any other forum....

(Rec. Doc. 75-2 at 4). The Settlement Agreement also provides:

> [t]his Settlement Agreement contains the sole and entire agreement and understanding of the parties with respect to the manner of moving forward to reach a complete resolution of the matters described herein, and no other agreement, oral or written, shall be deemed to exist or to bind either of the parties hereto.

*Id*. at 6. Third Party Defendant IATSE moves to compel arbitration of Spring Break's motion on the theory that the CBA's arbitration provision applies to this dispute. Spring Break opposes on the ground that the Settlement Agreement, not the CBA, governs. (Rec. Doc. 75 at 5-6). The dispositive question before the court is which agreement–the CBA or the Settlement Agreement–contains the applicable provision for resolving the present dispute. The Court finds for the moment, however, that this question is premature.

**II. Analysis**

The CBA provides that after seeking an administrative remedy, either party may submit the dispute to an arbitrator for resolution. (Rec. Doc. 1 at 65). The Settlement Agreement, on the other hand, states that the Labor Management Relations Act governs its provisions, and that enforcement of the Agreement may be achieved by arbitration *or* judicial intervention. (Rec. Doc. 75-2 at 7). The substantive question before the Court, therefore, is whether the arbitration provision in the CBA is broad enough to cover the present dispute between IATSE and Spring Break. If not, the parties may

not be compelled to arbitrate the present dispute. *See United Steelworkers of America v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960) ("[f]or arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit").

It is well established that questions of whether or not parties have agreed to submit a dispute to arbitration must be answered in a judicial forum, unless they have expressly agreed to submit the question of arbitrability to an arbitrator. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (internal citations omitted). This is to protect parties from being forced to arbitrate disputes which they have not agreed to resolve in that forum. The CBA's arbitration provision applies only to "dispute[s] between the Union and the Employer concerning the interpretation and/or application of this Agreement." (Rec. Doc. 1 at 65). The present dispute arises out of Spring Break's desire to protect itself from Plaintiffs' continued attempts to recover from it, even after the completion of the Settlement Agreement. (Rec. Doc. 75 at 5).

Spring Break states that it intends to file a motion for summary judgment on Plaintiffs' lawsuit, the resolution of which will determine whether or not its third-party indemnification claims against IATSE are moot. (Rec. Doc. 75 at 5). If Plaintiffs' claims can be disposed of on summary judgment, then Spring Break has no need to pursue IATSE for indemnification or contribution. Therefore, the Court will not compel the parties to arbitrate over this matter arising out of the Settlement Agreement, but chooses to stay the proceedings between Spring Break and IATSE so that the former may respond to Plaintiffs' allegations. Should Plaintiff employees' claims have merit, Spring Break may then pursue IATSE for contribution and indemnification, or breach of the Settlement Agreement, but until then, it is preferable to stay these proceedings than to compel arbitration of them, even if an arbitral forum is appropriate in the future.

### III. Conclusion

For the foregoing reasons,

IT IS ORDERED that IATSE's Motion to Compel Arbitration and to Dismiss or, in the Alternative, to Stay Proceedings is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Spring Break's claims against IATSE are stayed until May 25, 2011.

New Orleans, Louisiana, this 2nd day of February, 2011.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**